UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                                             03 Civ. 10236(MDF)

PAUL FERGUSON,
              Plaintiff,

       -against-                                                     Memorandum Order

KATZ'S FURNITURE CORP., at all times d/b/a
LAZYBOY FURNITURE GALLERIES, and
KEITH WORONOFF,
              Defendants.
-----------------------------------------------------------------x

      On September 6, 2005 this court entered an order granting Plaintiff's application for judgment in accordance with the stipulation of settlement entered into by the parties on May 4, 2005, in the amount of $28,000.00 with interest at the statutory rate from July 5, 2005, less the amount of $5600.00 which was previously paid. I also found that an award of attorney fees accrued in the application for enforcement of the said stipulation was appropriate and allowed Plaintiff time to make the within application. Plaintiff counsel claims that he expended 3.1 hours of time in the research and preparation of the application for enforcement, and seeks to be compensated for that time at a rate of $300.00 per hour.

      The defendant has submitted no opposition to this application.

      Plaintiff's right to an award of counsel fees accrued in the enforcement application is established as set forth in the September 6, 2005 Order. It is for the court to determine what constitutes a "reasonable fee". *See Moon v. Gab Kwon*, 2002 WL 31512816 * 1 (S.D.N.Y.) *Grochowski v. Ajet Construction Corp.,* 2002 WL 465272, *1 (S.D.N.Y.)

      To assist district courts with determining the issue of reasonableness in fee applications, the Second Circuit adopted the two step lodestar method. *See Quarantino v. Tiffany & Co.,* 166

F.3d 422, 425 (2d Cir. 1999); *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.40 (1983). Step one requires a district court to determine the reasonableness of both the overall time spent by the attorney for which compensation is sought and the substance of the work performed. *Hensley* , 461 U.S. at 443-44. Plaintiff's counsel has submitted records specifying the time spent by the attorney and the nature of the work performed sufficiently to permit the court to determine that the time spent and the work performed were reasonable.

The second step of the lodestar method calls for the district court to multiply the number of hours determined in step one, by what the court finds to be a reasonable hourly rate. This rate is generally equivalent to " the prevailing [ market] rate in the relevant community" *Soler v. G & U, Inc.,* 658 F.Supp. 1093, 1100 (S.D.N.Y. 1987). "The market rate is the rate which is in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Id. I find that the requested rate of $300.00 per hour is reasonable in this community for a lawyer of Attorney Golden's skill, experience and reputation.

After both numbers are calculated the lodestar method requires the court to multiply one by the other in order to arrive at the lodestar amount., That lodestar amount is presumptively reasonable and will be modified only in exceptional circumstances. No such modification or adjustment has been requested here.

Accordingly I find that Plaintiff is entitled to recover counsel fees in the amount of $930.00.

The clerk is hereby directed to enter judgment for the plaintiff against the defendant in the amount of $28,000.00, less the amount of $5600.00 previously paid, with interest at the statutory

rate from July 5, 2005, and counsel fees in the amount of $930.00.

So Ordered:

Mark D. Fox
U.S. Magistrate Judge

White Plains, New York
October 3, 2005

Copies of the within Order sent to the following:

Richard B. Golden, Esquire
Attorney for Plaintiff
30 Mathews Street
Suite 303 A
P.O. Box 216
Goshen, New York 10924

Warren Greher, Esquire
Attorney for Defendants
1161 Little Britain Road, Suite B
New Windsor, New York 12553